CLEAR FORM

## UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

William T. Cunningham
PLAINTIFF

5442 Bass Place, SE
Address (No Post Office Boxes)

Washington, DC 20019
City        State     Zip Code

Case: 1:23-cv-01104 **JURY DEMAND**
Assigned To : Jackson, Amy Berman
Assign. Date : 4/20/2023
Description: Employ. Discrim. (H-DECK)

VS.

EEOC
DEFENDANT

Jury Trial: ☒ Yes ☐ No

131 M Street, NE
Address (No Post Office Boxes)

Washington, DC 20507
City        State     Zip Code

**COMPLAINT**

See Attached

RECEIVED
APR 20 2023
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Original Signature (in pen)

William T. Cunningham
Name (if applicable, Prisoner ID No.)

5442 Bass Place, SE
Address or Facility Address

Washington, DC 20019
City        State     Zip Code

New: 06/21/2022

William T. Cunningham v EEOC Statement
JS-44 (Rev. 11/2020 DC)

The Complainant filed for a Request for a Hearing with the Equal Employment Opportunitly Commission (EEOC) on September 29th, 2017 regarding the Department of Labor (DoL) refusing to investigate the Complainant's Discrimination Charge filed with the DoL (DoL Case No. F17-11-051). 180 days had passed since the original filing of Discrimination with the DoL. The Complainant also notified the DoL that a Request for a Hearing was submitted to the EEOC.

The Complainant allowed 10 days for a response from the EEOC, however the Complainant never received a response. The DoL, knowing by law, that when a Request for a Hearing is submitted to the EEOC that a copy of the files are to be sent to the Complainant as well as the EEOC. On October 22nd, 2017 the Complainant was notified by United Parcel Service (UPS) that a package would be arriving to his address from the DoL on October 23, 2017. However, only a UPS label was created with no package ever being picked up by UPS. The DoL and the EEOC had no knowledge that the Complainant had this notification feature setup with UPS. This is where multiple instances of Conspiracy began between DoL and EEOC employees.

After checking the UPS Tracking Number and seeing that only a UPS label was created, the Complainant went back to the EEOC on October 26, 2017 and filed another Request for a Hearing. The Complainant notified the DoL again that a Request for a Hearing was submitted to the EEOC. The Complainant allowed another 10 days for a response from the EEOC. Again the Complainant didn't get a response from the EEOC. The Complainant went back to the EEOC in November of 2017 for a third time and filed another Request for a Hearing; again notifying the DoL that another Request for a Hearing was filed with the EEOC.

Finally in December of 2017, EEOC Case Number 570-2018-00032X was initiated on behalf of the Complainant and assigned to Supervisory Administrative Judge Gladys Collazo. Supervisory Administrative Judge Gladys Collazo ordered the DoL to provide DoL Case No. F17-11-051 to the EEOC. Supervisory Administrative Judge Gladys Collazo used the back date of September 29, 2017 in her orders as the date the Request for a Hearing was submitted, although the Complainant had submitted two other Request for Hearings.

In December of 2017, the DoL responded to Supervisory Administrative Judge Gladys Collazo's orders by telling Supervisory Administrative Judge Gladys Collazo that the Complainant has an appeal case pending with the Merit Systems Protection Board (MSPB). The DoL sent Supervisory Administrative Judge Gladys Collazo and the Complainant a copy of the original MSPB case (DC-315H-17-0167-I-1) along with its Petition for Review and the Formal Complaint of DoL EEO Case No F17-11-051. The DoL stated that the Complainant mentioned Discrimination in his MSPB cases and that the DoL has placed DoL EEO Case No. F17-11-051 in abeyance due to the case being a mixed case.

Supervisory Administrative Judge Gladys Collazo was given a copy of the MSPB cases (DC-315H-17-0167-I-1) along with the Formal Complaint of DoL EEO Case No. F17-11-051. Supervisory Administrative Judge Gladys Collazo could clearly see from the documents she received that the Complainant filed with the MSPB for "Adverse Actions" and "Prohibited Personnel Practices" with no mention of Discrimination in the MSPB cases. Supervisory Administrative Judge Gladys Collazo should have moved forward with the case through the EEOC hearing process because the documents provided to her showed the cases were not mixed.

However, this is where Supervisory Administrative Judge Gladys Collazo made a conscience decision to conspire to Aid and Abet the DoL (Title 18 USC § 2) to deprive the Complainant of his rights under the color of law (Title 18 USC § 242) while also Aiding and Abetting the DoL with the violation of the Complainant's Constitutional Rights. (5th & 14th Amendments)

On June 8th, 2018, the Complainant reached out to Supervisory Administrative Judge Gladys Collazo via email asking for a status update to EEOC Case No. 570-2018-00032X. The Complainant also shared with Supervisory Administrative Judge Gladys Collazo that he felt his case was not going to be investigated by the EEOC. On June 12th, 2018, Supervisory Administrative Judge Gladys Collazo responded to the Complainant stating that her clerk, Mr. Michael Chambers would respond to the Complainant within 2 days with a status update.

On June 13th, 2018, clerk Michael Chambers responded to the Complainant stating that no Report of Investigation (ROI) from the DoL regarding DoL EEO Case F17-11-051 has been received. After being notified by clerk Michael Chambers that no ROI had been received from the DoL, the Complainant immediately reached out to Jehad Ali, Chief, Office of Internal Enforcement at the DoL who was handling DoL EEO Case F17-11-051 via email. This email included Supervisory Administrative Judge Gladys Collazo and clerk Michael Chambers. The email requested that Jehad Ali send a copy of the ROI regarding DoL EEO Case F17-11-051 to Supervisory Administrative Judge Gladys Collazo and clerk Michael Chambers.

Jehad Ali replied via email to all parties stating that DoL EEO Case F17-11-051 has not been investigated and placed in abeyance because the Complainant has a pending case at the MSPB claiming discrimination and that there for DoL EEO Case F17-11-051 is a mixed case. The Complainant responded to Jehad Ali's email along with all other parties stating that in accordance with CFR § 1614.302 the Complainant has filed for "Adverse Actions" and "Prohibited Personnel Actions" with no mention of discrimination in the MSPB case and that the cases are not mixed.

Since the DoL stated that the agency was placing the case in abeyance, this effectively ended the Complainant's Request for a Hearing. However, again, Supervisory Administrative Judge Gladys Collazo received a copy of the Formal Complaint of DoL EEO Case No. F17-11-051 along with the original filing of MSPB case DC-315H-17-0167-I-1 and its Petition for Review. Supervisory Administrative Judge Gladys Collazo could clearly see that according to CFR § 1614.302 the cases were not mixed.

Supervisory Administrative Judge Gladys Collazo chose to continue to conspire with DoL employees instead of moving forward with the EEOC process for EEOC Case No. 570-2018-00032X.

On August 29th, 2018 the Complainant filed a new charge of Retaliation with the EEOC against the DoL referencing EEOC Case Watford vs. Jefferson County Public Schools. The Complainant also notified Jehad Ali, Chief, Office of Internal Enforcement at the DoL via email of the new charge filing at the EEOC.

In the EEOC Case Watford vs. Jefferson County Public Schools which the Complainant used as a reference in his new charge against the DoL with the EEOC, the EEOC found Jefferson County Public Schools guilty of Retaliation against Watford for not investigating a discrimination case and placing the discrimination case in abeyance pending the outcome of another case. The US Court of Appeals for the Sixth Circuit also found Jefferson County Public Schools guilty of Retaliation for Watford vs. Jefferson County Public Schools in its court.

Each new charge presented to the EEOC is supposed to get a new case number. However, this was not the case for the Complainant and the new charge of Retaliation against the DoL was given the same EEOC Case Number of 570-2018-00032X furthering the conspiracy against the Complainant.

On October 30th, 2018, EEOC Case No. 570-2018-00032X was assigned to Administrative Judge Zachary Wright. Administrative Judge Zachary issued orders to DoL Counsel Elizabeth Beason and Jehad Ali, Chief, Office of Internal Enforcement for the DoL to produce copies of the same files that were given to Supervisory Administrative Judge Gladys Collazo in December 2017. A copy of the files was to be sent to Administrative Judge Zachary Wright and the Complainant.

In Administrative Judge Zachary Wright's orders the DoL was to set up a conference call between DoL Counsel Elizabeth Beason, the Complainant and Administrative Judge Zachary Wright for November 15th, 2018. Administrative Judge Zachary Wright's orders clearly stated to be prepared to discuss all matters of the case on the schedule conference call. From the issue date of Administrative Judge Zachary Wright orders the DoL had two weeks to prepare to present their case to Administrative Judge Zachary Wright.

On November 15th, 2018 Administrative Judge Zachary Wright had some so called last minute personal issues and was unable to attend the schedule conference call. The conference call between all parties was re-scheduled for November

29th, 2018. The re-scheduling of the conference call gave the DoL an additional two weeks to prepare; totaling four weeks to prepare their case for the next conference call.

On November 29th, 2018 the first conference call took place. The Complainant immediately let Administrative Judge Zachary Wright know that this is a new charge of Retaliation and there should be a new case number assigned to this charge. Administrative Judge Zachary Wright paused then responded by saying "The case number is just a formality. I know this is a charge of Retaliation." The Complainant also let Administrative Judge Zachary Wright know that he was employed by the Bureau of Labor Statistics (BLS); a subdivision of the DoL and that he is representing himself Pro Se.

DoL Counsel Elizabeth Beason then said to Administrative Judge Zachary Wright "Your Honor the EEOC doesn't have jurisdiction on this case because the Complainant has a pending matter at the MSPB". Administrative Judge Zachary Wright paused then said "Ok" to DoL Counsel Elizabeth Beason. Administrative Judge Zachary Wright then asked DoL Counsel Elizabeth Beason "Where does the DoL stand on this matter?" DoL Counsel Elizabeth Beason responded by saying "The DoL stands at the same position from the Alternative Dispute Resolution (ADR) which is a settlement of $10,000, removal of Termination During Probationary Period from the Complainant's SF-50 with the Complainant not returning to work."

Administrative Judge Zachary Wright then asked the Complainant "Mr. Cunningham do you accept this offer?" The Complainant responded to Administrative Judge Zachary Wright by saying "Your Honor I do not accept this offer because I have done absolutely nothing wrong. I am a United States Veteran and I have been blatantly discriminated against which led to me being wrongfully terminated for seven accusations of falsifying my timesheet.

Two of which were when the time keeping system was down for a week for end of the year maintenance and no one could enter their time on their timesheet. On those particular days I was in the building early using my gym membership in the gym at the facility. My badge rings into the building were early and didn't match what was put on my timesheet.

One was for when I came in on the 3rd of July to check on a computer task that was supposed to run through the long 4th of the July weekend and my supervisor Steven Stratton told me to place 4 hours of comp time on my timesheet. However, my badge rings into the building did not match the time my supervisor told me to place on my timesheet.

One was for when I arrived late to work and a fire drill was going on at the facility. I arrived at work at 10:30am and was told there was a fire drill and that I had to proceed to the assigned fire drill location by building security. I put my arrival time at 10:30am and used 30 minutes of annual leave on my timesheet. My badge ring into the building after the fire drill was over didn't match what was on my timesheet.

Another two were when I was assigned mandatory training and had to come in an hour earlier then my regular arrival time of 10am. I honestly forgot about the training and put my normal arrival time of 10am on my timesheet out of pure habit instead of my actual arrival time for the training of 9am. My badge rings into the building didn't match the time entered on his timesheet.

The last accusation occurred when I arrived on time at work and the security guards were holding everyone up at the badge reader to enter the building because it was not working properly. When the security guards got the badge reader working properly I badged into the building and put my arrival time on my timesheet. I wasn't late. I was in the building. By the Collective Bargaining Agreement (CBA) between the DoL and the Union, managers are not allowed to track employees by their badge rings into the facility. Furthermore, according to Title 5 CFR § 315.201(a)(c)(4) and Title 5 CFR § 315.801(d) I was never to have had a probationary period because of 8 years of prior federal employment with the United States Postal Service.

I have been denied five Public Trust Clearances since Termination During Probationary Period has been placed on my SF-50. I have never been denied a Public Trust Clearance prior to this being placed on my SF-50 and this is preventing me from gaining employment. My children and I have lost our health insurance. I have exhausted my savings. My child has

3

had to drop out of college because I can no longer financially support her through college. I am facing eviction from my home and my car is in repossession. I have documents supporting all that I have mentioned."

Administrative Judge Zachary Wright sounded like he could care less with what was just explained to him and said to the Complainant, "Mr. Cunningham, the DoL's offer is a very generous offer. You should think long and hard about a clean SF-50 and the amount offered because a higher monetary value is very rare." DoL Counsel Elizabeth Beason while laughing said to the Complainant, "Mr. Cunningham you should really accept the settlement offer." Administrative Judge Zachary Wright and DoL Counsel Elizabeth Beason actions were in violation of Title 18 USC § 1512 and the beginning of violating Title 18 USC § 241.

The Complainant responded to both parties by saying "I do not accept the offer." Administrative Judge Zachary Wright responded by saying "Ok" with a tone that one could clearly take as a "You asked for this" mentality. After Administrative Judge Zachary Wright responded to the Complainant, DoL Counsel Elizabeth Beason said, "Your Honor the DoL requests an additional two weeks to prepare for a Retaliation Defense". The Complainant responded to DoL Counsel Elizabeth Beason request by saying to Administrative Judge Zachary Wright, "Your Honor the DoL has already had a month to prepare from the time of your orders." Again, Administrative Judge Zachary Wright sounded like he could care less about what the Complainant said to him or his objection and said "Ms. Beason I will grant you two additional weeks to prepare for a Retaliation Defense. We will need addition conference calls and I will issue new orders by the close of business today." The conference call was ended.

After the conference call ended the Complainant could clearly see that he wasn't going to get the proper justice through the EEOC process and sent Administrative Judge Zachary Wright and DoL Counsel Elizabeth Beason his objections again and dismay via email.

On November 29th, 2018, Administrative Judge Zachary Wright issued his new orders to DoL Counsel Elizabeth Beason and the Complainant via email for the DoL to "Show Cause". The new orders from Administrative Judge Zachary Wright contained no mention of the new charge of Retaliation against the DoL as discussed on the conference call and his orders also instructed the DoL to provide a counter offer to the Complainant's settlement demand by December 20th, 2018. This is where Administrative Judge Zachary Wright further violated Title 18 USC § 241 and began to violate Title 18 USC § 242, Title 18 USC § 1343, Title 18 USC § 1505 and the 5th and 14th Amendments. Again the Complainant filed a new charge of Retaliation against the DoL referencing EEOC Case Watford vs. Jefferson County Public Schools; a case already decided on by the EEOC and the US Court of Appeals for the Sixth Circuit in Watford's favor.

Prior to the DoL submitting its argument to Administrative Judge Zachary Wright by December 20th, 2018, the Complainant sent Administrative Judge Zachary Wright unwavering proof that Discrimination did take place against the Complainant via email. The Complainant also sent Administrative Judge Zachary Wright unwavering proof via email that a DoL GS-14 Veterans Employment Opportunity Act (VEOA) position which the Complainant interviewed for in August of 2016 and was the leading candidate was sabotaged by the Complainant's supervisor. The Complainant's supervisor sabotaged the GS-14 VEOA position by telling the manager of the GS-14 VEOA position that the Complainant will be terminated for falsifying time once the Complainant's supervisor found out the Complainant was the leading candidate. This happened in August of 2016. The Complainant was wrongfully terminated through Discrimination in December of 2016; one week before the Complaint's so called probationary period was to end.

The Complainant also let Administrative Judge Zachary Wright know via email that per the CBA between the DoL and the Union, the DoL is supposed to provide a performance improvement program to the Complainant before any means of termination are invoked and that this didn't happen for the Complainant. The Complainant also let Administrative Judge Zachary Wright know via email that in October of 2016 the Complainant signed his official Performance Appraisal and received exceed marks. The Complainant also let Administrative Judge Zachary Wright know via email that per the CBA between the DoL and the Union, the DoL is supposed to give the Complainant a two week notice prior to termination and that the Complainant was only given a one week notice. The Complainant let Administrative Judge Zachary Wright know

that these facts along with Title 5 CFR § 315.801(d) *"Probationary period; when required"* were brought to DoL management via a Union grievance from the Complainant. DoL management refused the Union grievance and wanted the grievance to go to Arbitration. Instead of going to Arbitration the Complainant moved forward with the MSPB process.

The Complainant let Administrative Judge Zachary Wright know that his Caucasian supervisor became more hostile towards the Complainant after the 2016 Presidential Election in which Donald Trump was elected President.

The Complainant let Administrative Judge Zachary Wright know that the Complainant provided software to the DoL that saved the agency millions if not billions of dollars in software licensing fees and manpower costs to decrypt and re-encrypt all the workstation hard drives that were using Check Point encryption to Microsoft BitLocker encryption in the DoL and all of its subdivisions. Prior to the Complainant providing the software to decrypt and re-encrypt workstation hard drives the only way to perform the task was to manually visit each workstation, start the decryption process on each workstation, return to the workstation after it has decrypted and then restart the re-encryption. The manual way would take months if not years to perform and would have had the DoL out of Federal Information Processing Standards (FIPS) compliance. The software provided by the Complainant allowed for the DoL and all of its subdivisions to be decrypted and re-encrypted overnight. The software provided by the Complainant was not just for the DoL's use but was intended to be used government wide; saving any government agency millions if not billions of dollars in software licensing fees and manpower costs.

On December 17th, 2018, per Administrative Judge Zachary Wright's orders, DoL Counsel Elizabeth Beason emailed the Complainant and Administrative Judge Zachary Wright a counteroffer from the DoL. The DoL's counteroffer was the exact same offer as the original settlement offer of $10,000 with "Termination During Probationary Period" removed from the Complainant's SF-50 with the Complainant not returning to work. The Complainant replied to DoL Counsel Elizabeth Beason and Administrative Judge Zachary Wright that he does not accept the offer. Administrative Judge Zachary Wright did nothing about the counteroffer being exactly the same as the original settlement offer.

On December 20th, 2018, DoL Counsel Elizabeth Beason submitted the DoL's brief to "Show Cause" to Administrative Judge Zachary Wright and the Complainant. On December 21st, 2018, the Complainant submitted his response to the DoL's brief to Administrative Judge Zachary Wright pointing out clear Retaliation referencing EEOC Case Watford vs Jefferson County Public Schools and also Discrimination from supervisor Steven Stratton.

On February 21st, 2019, Administrative Judge Zachary Wright issued new orders which awarded the Complainant a "Default Judgement" instead of finding the DoL guilty of Retaliation which the Complainant originally filed a new claim with the EEOC, ordered the Complainant to submit a prima facie showing of discrimination by March 14th, 2019 and imposed sanctions against the DoL. In Administrative Judge Zachary Wright's orders he clearly states that DoL Case No. F17-11-051 and MSPB Case No. DC-315H-17-0167-I-1 were not mixed cases or "inextricably intertwined". Thus there was not a "mixed motive" as per Montante v. Department of Transportation, EEOC Appeal No. 0120110240.

However, on page seven footnote of Administrative Judge Zachary Wright's orders from February 21st, 2019 he states:

*3 While the Agency may argue that a finding of default judgment would lead to eventual disagreement between the MSPB and EEOC, should the MSPB (or the Commission's Office of Federal Operations ("OFO")) eventually uphold Complainant's removal, I do not believe this finding of default judgment to be incompatible with any eventual MSPB or OFO ruling. A finding of default judgment in Complainant's favor at this stage entitles him to relief pertaining to the creation of a hostile work environment and the denial of any bonus. Such relief is purely monetary in nature and does not obligate the Agency to retroactively place Complainant into his former position with the Agency (which he would be entitled to if he were to prevail before either the MSPB or at OFO).*

This is a clear violation of Title 18 USC § 242 - Deprivation of rights under color of law. The Management Directive 110 (MD-110) Chapter 11 states:

*In federal EEO law, there is a strong presumption that a complainant who prevails in whole or in part on a claim of discrimination is entitled to full relief which places him/her in the position s/he would have been in absent the agency's discriminatory conduct.*

The MD-110 also states that Retaliation Remedies include compensatory relief and may also include equitable relief such as back pay, front pay, promotion or reinstatement into a job.

Even if Administrative Judge Zachary Wright took the position of not sending the Complainant back to a hostile work environment at the BLS underneath the supervision of accused Steven Stratton there were other supervisors at the BLS that were dismayed at the wrongful termination of the Complainant and would have been happy to have the Complainant as a subordinate. Administrative Judge Zachary Wright was also well aware that the DoL has 31 subdivisions and that he had 30 different subdivisions to choose from to send the Complainant back to work under new supervision.

On March 11th, 2019, the Complainant submitted his prima facie to Administrative Judge Zachary Wright per his orders. The Complainant's prima facie clearly showed that his supervisor Steven Stratton discriminated against him. Do to Administrative Judge Zachary Wright's orders from February 21st, 2019 stating on page four footnote:

*"2 While the Agency argues any claim relating to Complainant's bonus would be untimely raised, the lack of an investigation into this claim prevents such a determination."*

The Complainant did not mention in his prima facie that supervisor Stratton did not provide the Complainant a bonus as he did with other employees. However, Administrative Judge Zachary Wright was already well aware through prior emails as well as conference calls of the Complainant not receiving a bonus and that other employees received their bonus by the second pay period of November 2016. The complainant was handed his termination letter by his supervisor Steven Stratton on December 1st, 2016.

On March 28th, 2019, DoL Counsel Elizabeth Beason submitted the DoL's response to Administrative Judge Zachary Wright per his orders from February 21st, 2019. In the DoL's response it only mentioned matters pertaining to a bonus which Administrative Judge Zachary Wright clearly noted on page four footnote from his orders on February 21st, 2019 that the lack of an investigation into a bonus claim prevents such a determination.

On April 10th, 2019, the EEOC held a Meet and Greet at the D.C. Bar located at 901 4th Street, NW, Washington, DC to discuss "Off The Record" events. This Meet and Greet was attended by all the EEOC Administrative Judges in the Washington, DC Region including Administrative Judge Zachary Wright. DoL management and Dol counsel also attended the Meet and Greet to discuss "Off The Record" events. This further violates Title 18 USC § 241.

On April 11th, 2019, after the Meet and Greet, Administrative Judge Zachary Wright issued new orders regarding the Complainant's prima facie along with scheduling a conference call for April 12th, 2019. In his orders Administrative Judge Zachary Wright sided with the DoL that the Complainant did not establish a prima facie based on the Complainant not mentioning a bonus in his prima facie. The Complainant immediately complained to Administrative Judge Zachary Wright after reading his orders and received no response. Administrative Judge Zachary Wright and DoL Counsel Elizabeth Beason actions were a clear violation of Title 18 USC § 241.

William T. Cunningham v EEOC Statement
JS-44 (Rev. 11/2020 DC)

Throughout the entire EEOC Process conducted by Administrative Judge Zachary Wright the Complainant was deprived and railroaded so badly by Administrative Judge Zachary Wright and DoL Counsel Elizabeth Beason that it lead to the Complainant recording the conference call on April 12th, 2019. The Complainant got the consent to record the conference call from all parties on the call. On the recorded conference call you can clearly hear Administrative Judge Zachary Wright violating all the Titles and Amendments listed prior in this document and clearly shouldn't be covered by Title 28 USC § 2679(2) (Westfall Act) which states:

*(2)Paragraph (1) does not extend or apply to a civil action against an employee of the Government—*
   *(A)which is brought for a violation of the Constitution of the United States, or*
   *(B)which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.*

However, after numerous attempts to sue Administrative Judge Zachary Wright directly, the US District Court has stated that the US Attorney must be the defendant.

After the April 12th, 2019 conference call where Administrative Judge Zachary Wright can clearly be heard depriving the Complainant of his request for relief while violating statute and amendments the Complainant emailed Administrative Judge Zachary Wright and Supervisory Administrative Judge Gladys Collazo on three separate occasions asking for some literature, CFR or Title to provide the Complainant with some sort of legal statute as to why he is unable to receive his requested relief; other than the fact that Administrative Judge Zachary Wright just didn't want to grant the Complainant his request for relief (Reference comments from Administrative Judge Zachary Wright on first conference call on November 29th, 2019). Administrative Judge Zachary Wright and Supervisory Administrative Judge Gladys Collazo never responded to the Complainant and was clearly involved with conspiracy with DoL management and DoL Counsel.

On May 31st, 2019 Administrative Judge Zachary Wright issued his orders regarding DoL Liability and Damages. Administrative Judge Zachary Wright's orders to the DoL were to:

1. The Agency is ORDERED to pay Complainant $5,000.00 in non-pecuniary compensatory damages as set forth above.
2. The Agency is ORDERED to provide training as set forth above.
3. The Agency is ORDERED to post a Notice regarding the finding of discrimination.

Administrative Judge Zachary Wright was well aware of the DoL settlement offer of $10,000, removal of "Termination During Probationary Period" from the Complainant's SF-50 with the Complainant not being reinstated to his job. Administrative Judge Zachary Wright was well aware of the Complainant exhausting his savings and being unable to provide for his family. Administrative Judge Zachary Wright was also well aware that the Complainant had been denied five Public Trust Clearances because of "Termination During Probationary Period" being on his SF-50 and is unable to find employment to maintain his livelihood.

Instead of Administrative Judge Zachary Wright following the MD-110 by granting the Complainant his proper request for relief, Administrative Judge Zachary Wright made a conscious decision to continue to conspire with the DoL by aiding and abetting the DoL to further retaliate against the Complainant. Administrative Judge Zachary Wright's actions were not only a clear violation of Title 18 USC § 1513 but also a clear violation of Title 18 USC § 2.

Again the Complainant recorded the conference call from April 12th, 2019 where Administrative Judge Zachary Wright can clearly be heard depriving the Complainant of his 5th and 14th Amendments by not granting the proper due process nor equal protection of the law along with the violation of several statutes. Specifically Administrative Judge Zachary Wright says on the recorded conference call "Mr. Cunningham I can't award this type of relief to you even if I wanted to." This statement from the recorded conference call along with other actions from Administrative Judge Zachary Wright constitutes Intentional Infliction of Emotional Distress (IIED). Administrative Judge Zachary Wright actions of retaliating against the Complainant by ordering the DoL to pay the Complainant less than the DoL settlement offer and his

7

actions of not removing "Termination During Probationary Period" from the Complainant's SF-50 as was part of the DoL settlement offer issues the threat of future harm and it was done so with malice.

On August 19th, 2019, the Complainant filed an appeal regarding Administrative Judge Zachary Wright's ruling on EEOC Case No. 570-2018-00032X to the EEOC Office of Federal Operations (OFO). The appeal was assigned OFO Case No. 2019005370 and assigned to Director of OFO Carlton Hadden.

In the Complainant's appeal to the OFO the Complainant provided all the information that he provided to Administrative Judge Zachary Wright which included the DoL settlement offer, his financial suffering, being denied five Public Trust Clearances leaving the Complainant unable to gain employment, DoL management sabotaging a GS-14 VEOA position, the software the Complainant provided to the DoL, proof of discrimination, pointed out conspiracy between Administrative Judge Zachary Wright and DoL Counsel Elizabeth, pointed out retaliation from Administrative Judge Zachary Wright and also provided the recorded conference call from April 12th 2019 where Administrative Judge Zachary Wright can clearly be heard depriving the Complainant and violating statute and amendments. The Complainant also pointed out that his case of retaliation has never been investigated.

The Complainant's appeal requested that Administrative Judge Zachary Wright's ruling be overturned and ruled for Retaliation, 3.5 years of back pay ($350,000 at the time) and appointment to a GS-14 VEOA position which was sabotaged by DoL management.

On July 23rd, 2020 Director of OFO Carlton Hadden issued his ruling on the Complainant's OFO appeal. Instead of Director of OFO Carlton Hadden overturning the ruling, returning the Complainant back to work or at the very least granting the Complainant more relief and removing "Termination During Probationary Period" from the Complainant's SF-50 so the Complainant can regain his livelihood, the Director of OFO Carlton Hadden made a conscious decision to continue with aiding and abetting the conspiracy and retaliation against the Complainant.

Instead of following the MD-110 that clearly states what the Complainant is entitled, Director of OFO Carlton Hadden's actions were in violation of Title 18 USC § 2, Title 18 USC § 241, Title 18 USC § 242, Title 18 USC § 1513 and 4th, 5th and 14th Amendments. To add insult to injury and cause the Plaintiff more emotional distress, Director of OFO Carlton Hadden stated in his ruling that the Complainant didn't prove that he deserved more than the $5,000 award to him.

This is a summary of the criminal actions that have severely injured the Complainant mentally and financially. The Complainant is ready to prove these matters and many more in a court of law.


Respectfully,

*[signature]*

William T. Cunningham
5442 Bass Place, SE, Washington, DC 20019
willcun@hotmail.com
202-631-8459

8